09-1739-cv
Penguin Grp. (USA) Inc. v. Am. Buddha

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: January 7, 2010        Question Certified: June 15, 2010

Certified Question Answered: March 24, 2011

Decided: May 12, 2011)

Docket No. 09-1739-cv

------------------------------------

PENGUIN GROUP (USA) INC.,

Plaintiff-Appellant,

- v -

AMERICAN BUDDHA,

Defendant-Appellee.

------------------------------------

Before:   SACK, KATZMANN, and CHIN,[*] Circuit Judges.

Appeal by the plaintiff from an order of the United States District Court for the Southern District of New York (Gerard E. Lynch, Judge) dismissing this action for lack of personal jurisdiction over the defendant.  In answer to a question we certified to the New York Court of Appeals, see Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 42 (2d Cir. 2010), that court has concluded that "[i]n copyright infringement cases involving the uploading of a copyrighted printed literary

_____

[*] The Honorable Denny Chin, who was at the time of argument a United States District Judge for the Southern District of New York sitting by designation, is now a member of this Court.

work onto the Internet, . . . the situs of injury for purposes of determining long-arm jurisdiction under [the relevant section of New York's long-arm-jurisdiction statute is] . . . the location of the copyright holder," Penguin Grp. (USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 301-02, --- N.E.2d ---, ---, --- N.Y.S.2d ---, --- (2011).  In light of this response by the Court of Appeals, the judgment of the district court is now:

Vacated and Remanded.

RICHARD DANNAY, Cowan, Liebowitz & Latman, P.C. (Thomas Kjellberg, of counsel), New York, N.Y., for Plaintiff-Appellant.

CHARLES CARREON, Online Media Law, PLLC, Tucson, Ariz., for Defendant-Appellee.

PER CURIAM:

This appeal, which returns to us after the New York Court of Appeals responded to a question we certified to that Court, concerns the limits of New York's "long-arm" jurisdiction over out-of-state defendants in copyright infringement actions. We assume the readers' familiarity with the facts and procedural history as set forth in our previous opinion in this case.  See Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 32-34 (2d Cir. 2010) ("Am. Buddha II").  We rehearse them here only insofar as we think necessary to explain our final resolution of this appeal.

The defendant American Buddha is an Oregon not-for-profit corporation with its principal place of business in Arizona that maintains a website known as the Ralph Nader

2

Library.[2]  The website "provides access to classical literature and other works . . . , including [four] works published in print format by Plaintiff-Appellant Penguin Group (USA) Inc. [("Penguin")]."[3]  Am. Buddha II, 609 F.3d at 33 (internal quotation marks omitted).  Having learned of the existence of American Buddha's website and its contents, Penguin filed suit against American Buddha in the United States District Court for the Southern District of New York, alleging that American Buddha's posting of the four Penguin books on the Internet violated Penguin's copyrights in works that it had published.[4]  American Buddha moved to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "contending that it has done nothing that would make it amenable to suit in New York."  Penguin Grp. (USA) Inc. v. Am. Buddha, No. 09-cv-528, 2009 WL 1069158, at *1, 2009 U.S. Dist. LEXIS 34032, at *1 (S.D.N.Y. Apr. 21, 2009) ("Am. Buddha I").  The district court

---

[2] The Ralph Nader Library is not affiliated with well known consumer advocate Ralph Nader.  See Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 33 (2d Cir. 2010).

[3] Penguin alleges that American Buddha has posted the following four books in their entirety on www.naderlibrary.com, thereby infringing Penguin's copyrights in the printed works: Upton Sinclair, Oil!; Sinclair Lewis, It Can't Happen Here; Apuleius, The Golden Ass (E.J. Kenney trans.); and Lucretius, On the Nature of the Universe (R.E. Latham trans.).  Penguin Grp. (USA) Inc. v. Am. Buddha, No. 09-cv-528, 2009 WL 1069158, at *1, 2009 U.S. Dist. LEXIS 34032, at *2 (S.D.N.Y. Apr. 21, 2009).

[4] Subject matter jurisdiction was premised on the federal courts' "original and exclusive" jurisdiction over actions alleging copyright infringement pursuant to 17 U.S.C. § 501. Compl. ¶ 4; see 28 U.S.C. § 1338(a).

3

agreed, ruling, as we later characterized it, that the "situs of the injury" was "where the book[s in which Penguin holds the copyrights were] electronically copied -- presumably in Arizona or Oregon, where American Buddha and its computer servers were located -- and not New York, where Penguin was headquartered." Am. Buddha II, 609 F.3d at 32; see also Am. Buddha I, 2009 WL 1069158, at *4, 2009 U.S. Dist. LEXIS 34032, at *13. This appeal followed.

Concluding that resolution of the issues raised on appeal "require[d] analysis of state law and policy considerations that this Court is ill-suited to make," Am. Buddha II, 609 F.3d at 32, we certified a question to the New York Court of Appeals, which that Court has now answered.

The district court's dismissal of Penguin's complaint rested on its interpretation of New York's long-arm statute, N.Y. C.P.L.R. 302(a)(3)(ii). It provides, in pertinent part:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who . . . commits a tortious act without the state causing injury to person or property within the state, . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

N.Y. C.P.L.R. 302(a)(3)(ii). To establish jurisdiction under this provision, a plaintiff must demonstrate that:

> (1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or

4

should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce.

Am. Buddha II, 609 F.3d at 35 (citing LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 214, 735 N.E.2d 883, 886, 713 N.Y.S.2d 304, 307 (2000)).

In this case, the applicability vel non of the long-arm statute turns on the third requirement: the situs of Penguin's injury. For the district court to find that the long-arm statute conferred jurisdiction on courts in New York, Penguin was required to show that it suffered injury "within the state." After examining two competing lines of New York cases, the district court reasoned that "[b]ecause Penguin pleaded infringement only by American Buddha, and not by any individual who downloaded material from American Buddha's site, . . . business was lost through the copying of the copyrighted works by American Buddha and not through their placement on the Internet." Id. at 37 (characterizing the district court's analysis in Am. Buddha I). The district court therefore concluded that Penguin's business was lost -- and its injury suffered -- "where the books were uploaded -- Oregon or Arizona -- not where they were downloaded and used, which could have been anywhere that the Internet is available, including New York." Id. (same).

On appeal to this Court, we decided that resolution of the appeal "require[d] a determination of how the New York State Legislature intended to weigh the breadth of protection to New

5

Yorkers whose copyrights have allegedly been infringed against the burden on non-resident alleged infringers whose connection to New York may be remote and who may reasonably have failed to foresee that their actions would have consequences in New York." Id. at 32; see also id. at 37-41 (reviewing the legislative history of the relevant long-arm provisions and New York cases interpreting them).

We therefore certified the following question to the New York Court of Appeals:[5]  "In copyright infringement cases, is the situs of injury for purposes of determining long-arm jurisdiction under N.Y. C.P.L.R. § 302(a)(3)(ii) the location of the infringing action or the residence or location of the principal place of business of the copyright holder?"  Id. at 32.

On March 24, 2011, the Court of Appeals answered a "narrow[ed] and reformulate[d]" version of our question.  Penguin Grp. (USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 301, --- N.E.2d ---, ---, --- N.Y.S.2d ---, --- (2011) ("Am. Buddha III").  The Court rephrased our question as follows:  "In copyright infringement cases involving the uploading of a copyrighted printed literary work onto the Internet, is the situs of injury for purposes of determining long-arm jurisdiction under N.Y. C.P.L.R. § 302(a)(3)(ii) the location of the infringing action or the residence or location of the principal place of business of

_____

[5] The district court does not have statutory authority to ask the New York Court of Appeals for its views on unsettled and important issues of New York law.  We do.  See N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a).

6

the copyright holder?"  Id. at 301-02, --- N.E.2d at ---, --- N.Y.S.2d at --- (emphasis added).[6]  The Court concluded that "a New York copyright owner alleging infringement sustains an in-state injury pursuant to CPLR 302(a)(3)(ii) when its printed literary work is uploaded without permission onto the Internet for public access."  Id. at 304, --- N.E.2d at ---, --- N.Y.S.2d at ---.

The New York Court of Appeals observed that "the Internet itself plays an important role in the jurisdictional analysis in the specific context of this case."  Id. at 304, --- N.E.2d at ---, --- N.Y.S.2d at ---.  "[T]he alleged injury in this case involves online infringement that is dispersed throughout the country and perhaps the world."  Id. at 305, --- N.E.2d at ---, --- N.Y.S.2d at ---.  The Court therefore concluded that "it is illogical to extend" the traditional tort approach that "equate[s] a plaintiff's injury with the place where its business is lost or threatened" to the context of "online copyright infringement cases where the place of uploading is inconsequential and it is difficult, if not impossible, to correlate lost sales to a particular geographic area."  Id. at 305, --- N.E.2d at ---, --- N.Y.S.2d at ---.

---

[6] The Court of Appeals emphasized that it was not "necessary [for it] to address whether a New York copyright holder sustains an in-state injury pursuant to CPLR 302(a)(3)(ii) in a copyright infringement case that does not allege digital piracy and, therefore, express[ed] no opinion on that question."  Am. Buddha III, 16 N.Y.3d at 307 n.5, --- N.E.2d at --- n.5, --- N.Y.S.2d at --- n.5.

The Court also identified the right of a copyright holder "'to exclude others from using his property'" as a "critical factor that tips the balance in favor of identifying New York as the situs of injury." Id. at 305, --- N.E.2d at ---, --- N.Y.S.2d at --- (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392 (2006)). In light of this right and the "undisputed" fact that "American Buddha's Web sites are accessible by any New Yorker with an Internet connection," the Court viewed the "absence of any evidence of the actual downloading of Penguin's four works by users in New York" as "not fatal to a finding that the alleged injury occurred in New York." Id. at 306, --- N.E.2d at ---, --- N.Y.S.2d at ---.

The Court of Appeals rejected American Buddha's assertion that its decision would "open a Pandora's box allowing any nondomiciliary accused of digital copyright infringement to be haled into a New York court when the plaintiff is a New York copyright owner of a printed literary work." Id. at 307, --- N.E.2d at ---, --- N.Y.S.2d at ---. The Court was satisfied that the long-arm statute's "built-in safeguards against such exposure," together with the requirements of the United States Constitution's Due Process Clause, would guard against such abuse. Id. at 307, --- N.E.2d at ---, --- N.Y.S.2d at ---.

When this appeal was last before us, we indicated that "were we eventually to agree with Penguin, contrary to the district court's decision, that the situs of injury was indeed New York, the proper course would be to remand to the district

8

court to consider the remaining four factors for personal jurisdiction under the long-arm statute." Am. Buddha II, 609 F.3d at 41. The Court of Appeals' decision now compels us to "agree with Penguin" and to conclude, for the purposes of the personal jurisdiction analysis pursuant to New York's long-arm statute, that the situs of Penguin's alleged injury was New York.

As we observed in American Buddha II, the district court's opinion and order dismissing Penguin's complaint addressed only the situs-of-injury issue. See id.; Am. Buddha I, 2009 WL 1069158, at *4, 2009 U.S. Dist. LEXIS 34032, at *13 ("As this issue is dispositive, it is not necessary to explore whether plaintiff has met its burden on the other elements necessary to establish jurisdiction under Rule 302(a)(3)(ii), or whether the exercise of jurisdiction would comport with due process."). We therefore vacate the judgment of the district court and remand this case to that court for its consideration in the first instance of whether Penguin has established the four remaining jurisdictional requisites, and the extent to which the assertion of personal jurisdiction over American Buddha would be consistent with the requirements of Due Process.

For the foregoing reasons, the judgment dismissing the plaintiff's complaint is vacated and the case is remanded to the district court for further proceedings consistent with this opinion and with the Court of Appeals' response to our certified question.

9